UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT PHILLIP LEWIS,

                      Plaintiff,

v.                                                                    8:24-CV-0098
                                                                      (GTS/CFH)

EILEEN WALSH,

                      Defendant.
_____

APPEARANCES:

SCOTT PHILLIP LEWIS
  Plaintiff, *Pro Se*
1936 Saranac Avenue
#3, PMB 411
Lake Placid, New York 12946

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Scott Phillip Lewis ("Plaintiff") against Eileen Walsh ("Defendant"), are United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with prejudice and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Objections to the Report-Recommendation, and Plaintiff's motion for permission to file documents electronically through CM/ECF. (Dkt. Nos. 5, 8, 9.) For the reasons set forth below, Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's motion for permission to file electronically through CM/ECF is denied as moot.

      Even when construed with the utmost of special leniency, Plaintiff's Objections assert

only two challenges to the Report-Recommendation that may arguably be characterized as "specific" enough to trigger a de novo review:[1] (1) an argument that Magistrate Judge Hummel has erred by finding that Plaintiff has failed to allege facts plausibly suggesting a conspiracy claim under 42 U.S.C. § 1985(3), because (a) "Plaintiff has sufficiently alleged an underlying constitutional violation" (specifically, "the alleged Fourth, Sixth, and Fourteenth Amendment violations"), and (b) to the extent he has not done so, he reasonably expected to be able to (and is entitled under Fed. R. Civ. P. 15 to) freely amend his Complaint once after service but has been unfairly prevented from doing so because the Court has refused to issue a summons; and (2) an argument that Magistrate Judge Hummel has erred by finding that Plaintiff has failed to allege facts plausibly suggesting a claim under 42 U.S.C. § 1983, because (a) even though Plaintiff did not attempt to stat a claim under 42 U.S.C. § 1983, he should be afforded the opportunity to amend his Complaint in order to do so, and (b) indeed, Plaintiff has he has sufficiently alleged

---

[1] When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim."). When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

that Defendant acted under the color of state law by alleging that she conspired with those acting under the color of state law to deprive Plaintiff's constitutional rights. (Dkt. No. 8.)

For the sake of brevity, the Court will assume that these two arguments trigger a de novo review of the referenced portions of the Report-Recommendation. After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation that Plaintiff has specifically challenged, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only two brief points.

First, Plaintiff's first argument is unpersuasive because, even if Magistrate Judge Hummel erred in finding that Plaintiff has failed to allege an underlying constitutional violation for purposes of 42 U.S.C. § 1985(3), Magistrate Judge Hummel is correct in finding that Plaintiff does not explain what the alleged "meeting of the minds" between Defendant and Assistant District Attorney Frank Pelosi entailed (including an agreement to engage in unlawful conduct against him Plaintiff). In any event, because Defendant's only named co-conspirator would be protected by prosecutorial immunity, she had no state actor with whom she could have conspired, rendering Plaintiff's conspiracy claim deficient as a matter of law. Furthermore, although Plaintiff must allege that the conspiracy was motivated by some invidious discriminatory motive, Plaintiff fails to advance any non-conclusory factual allegations plausbly suggesting that Defendant was motivated by an animus against individuals with mental health diagnoses.

Finally, Magistrate Judge Hummel committed no error in finding that Plaintiff would be unable to correct the above-described pleading defects in an Amended Complaint: those pleading defects are so numerous and significant as to be substantive in nature (especially when one considers that they appear in a 12-page typed Complaint, complete with exhibits, prepared by an experienced *pro se* civil rights litigant).

Second, Plaintiff's second argument is unpersuasive because, even if Magistrate Judge Hummel erred by finding that Plaintiff could not allege facts plausibly suggesting a meeting of the minds between Defendant and Mr. Pelosi sufficient to render a private individual liable under 42 U.S.C. § 1983, Magistrate Judge Hummel is correct in finding that Plaintiff has not pled, and cannot plead, any facts plausibly suggesting that Defendant violated his Fourth, Sixth, or Fourteenth Amendment rights.  (Dkt. No. 5, at 11-15.)  Plaintiff certainly has not done so in his Objections.  (Dkt. No. 8.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 5) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u> with prejudice and without leave to amend**; and it is further

**ORDERED** that Plaintiff's motion for permission to file electronically via CM/ECF (Dkt. No. 9) is **<u>DENIED</u> as moot**; and it is further

**ORDERED** that, because the Court certifies that an appeal from this Decision and Order would not be taken in good faith pursuant to 28 U.S.C. 1915(a)(3), <u>the Court revokes Plaintiff's IFP status on any appeal</u>.

Dated: November 6, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge